NO. 8292

COURT OF APPEAL

PARISH OF ORLEANS

-----

LOUIS D. ROUYER

versus

PAUL L. FOURSCHY

------

---------

Court of Appeal

June 19 - 22

[signature]

595

Dinkelspiel; J.

Plaintiff sues, averring that he was employed by the defendant to do certain work and furnish material on property owned by defendant on Esplanade Avenue and Burgundy Street, and also to do work and furnish material on property owned by defendant on Governor Nicholls and Marais Streets; and averring that said work was done, and materials furnished, that same was done properly and in accordance with verbal agreements and contracts between plaintiff and defendant. He prays for judgment in the sum of $493.05, together with interest from August 3rd, 1918, and also for recognition of the lien and privilege on the property belonging to the defendant. An itemized account is annexed to the petition and made part thereof.

Defendant filed exceptions, that petition was too vague, general and indefinite, and petition disclosed no legal cause or right of action. Subsequently defendant filed virtually a general denial, denying each and every allegations in plaintiff's petition, but admits having made navances to plaintiff by far in excess of $325.00, but denies that same were payments on account of the alleged bill for work and materials furnished and denies having made any payment on account of the pretended claim as set forth in plaintiff's petition.

Wherefore he prayed for judgment in his favor.

The evidence of plaintiff, together with that of Paul A. Verneuille and Octave Montagnet, the two latter being workmen employed by plaintiff in making repairs on defendant's property, after a careful examination, satisfies us that plaintiff and defendant contracted together at the times stated and that plaintiff done work for the defendant from time to time in the presence most of the time of defendant himself who paid on account of this work sums agreed on, and whilst, as was doubtless the opinion of the Judge below, that some of the work was

not properly done, we are satisfied that on the whole the amounts allowed by the Court aquo was correct; he evidently gave credit to the defendant for all work improperly done and materials not in accordance with agreement, and therefore reduced plaintiff's claim from $493.05, to $170.00, xxxxxxx and we are satisfied that this is substantially a correct and valid judgment. The Judge had the opportunity of seeing and hearing the witnesses, noting their demeaner and in every way was thus better qualified to judge of the truth of their statements xxx than we are and mainly questions of fact being involved we deem it xx unnecessary to further enter into the contradictory testimony in this case. But the Judge in his judgment also gave this judgment together with a lien and privilege on the property of the defendant, which under the law, we do not think should be allowed.

Civil Code, Art. 3272, referring to Contractors, Workmen and Material Men. "Architects, undertakers, bricklayers, painters, master builders, contractors, subcontractors, journeymen, laborers, xxxxxxx cartmen, masons and other workmen employed in constructing, rebuilding or repairing houses, buildings, or making other works; those who have supplied the owner or other person employed by the owner or his agent or subcontractor with materials of any kind for the construction or repair of his buildings or other works; those who have contracted, in the manner provided by the police regulations, to make or put in repair the levees, bridges, canals and roads of a proprietor, preserve their privileges, only in so far as they have recorded, with the recorder of mortgages in the parish where the property is situated, the act containing the bargains they have made, or a detailed statement of the amount due, attested under the oath of the party doing or having the work done, or acknowledgment of what is due to them by the debtor."

Under the plain provisions of the Article above quoted, the contract in question not having been recorded as the law requires, the lien and privilege as rendered under the judgment must be annulled.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed in so far as rendered in favor of plaintiff Louis D. Rouyer and against the defendant, Paul L. Fourschy, for the sum of $170.00 with legal interest from August 3rd, 1918; and

It is further ordered, adjudged and decreed, that the judgment rendered which gives lien and privilege on the property described, be annulled and set aside and in that respect that portion of the judgment is reversed; costs of both Courts to be paid by defendant;
And as thus amended, judgment is affirmed.

-Judgment amended and affirmed-